1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    MARK E. MCKEEN (State Bar No. 130950) markmckeen@paulhastings.com
2   PETER C. MEIER (State Bar No. 179019) petermeier@paulhastings.com
    55 Second Street, Twenty-Fourth Floor
3   San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
4   Facsimile: (415) 856-7100

5   Attorneys for Plaintiff
    ALIGN TECHNOLOGY, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          C 06 2740

11  ALIGN TECHNOLOGY, INC.,              CASE NO.

12           Plaintiff,                  COMPLAINT FOR:

13       vs.                             (1) TRADEMARK INFRINGEMENT;
                                         (2) FEDERAL STATUTORY UNFAIR
14  QUAT TRAN, aka DR. QUAT TRAN and         COMPETITION;
    dba BRACES 2000; and DOES 1 through  (3) CALIFORNIA STATUTORY UNFAIR
15  10,                                      COMPETITION;
                                         (4) CALIFORNIA FALSE ADVERTISING;
16           Defendants.                     AND
                                         (5) COMMON-LAW UNFAIR
17                                           COMPETITION

18                                       DEMAND FOR JURY TRIAL

19

20

21

22

23

24

25

26

27

28

**JURISDICTION**

1.      This action arises under 15 U.S.C. § 1051 *et seq.*, popularly known as the "Lanham Act." This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (including original jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1338(b) because they are claims of unfair competition joined with substantial and related claims under the trademark laws), and the doctrine of supplemental jurisdiction.

**PARTIES**

2.      Plaintiff Align Technology, Inc. ("Align") is a Delaware corporation with its principal place of business in Santa Clara, California.

3.      Align is informed and believes, and on that basis alleges, that defendant Quat Tran, aka Dr. Quat Tran and dba Braces 2000, is an individual practicing as an orthodontist, with a principal place of business at 1695 Alum Rock Avenue, Suite 6, San Jose, California 95116 ("Tran").

4.      Align is ignorant as to the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as Does 1 through 10, and therefore sues such defendants by such fictitious names. Align is informed and believes, and on that basis alleges, that each of the Doe defendants is legally responsible in some manner for the wrongful conduct alleged herein. Align will amend this Complaint to allege the Doe defendants' true names and capacities when and if they are ascertained.

5.      Align is informed and believes, and on that basis alleges, that except where otherwise alleged, each of the defendants is, and at all relevant times herein mentioned was, the

-1-

1  agent, partner, joint venturer, servant, and/or co-conspirator of each of the other defendants, and

2  is, and at all relevant times herein mentioned was, in performing and failing to perform acts and

3  conduct hereinafter alleged, acting within the course and scope and purpose of such agency,

4  partnership, joint venture and/or conspiracy.  Align is further informed and believes, and on that

5  basis alleges, that the acts and conduct of each of the defendants were known to, and authorized

6  and ratified by, the remaining defendants, and that each of the defendants is legally responsible

7  for the conduct and damages herein alleged.

8

9                                                **VENUE**

10

11           6.           Venue is proper in the Northern District of California pursuant to 28 U.S.C.

12  § 1391(b) in that a substantial part of the events and omissions giving rise to the claim occurred in

13  this District.  Additionally, defendants reside in this District in that they maintain an office in this

14  District and transacted business in this District during the relevant period.  The actions, damages

15  and other facts forming the basis of Align's claims occurred in Santa Clara and possibly other

16  counties of the San Francisco Bay Area, which are within the Northern District of California.

17

18                              **INTRADISTRICT ASSIGNMENT**

19

20           7.           Pursuant to Civil Local Rules 3-5(b) and 3-2(c)-(e) and General Order 44,

21  venue for this "Intellectual Property" matter is proper in any division of this district and shall be

22  "randomly assigned to any Judge of this Court, and shall not be reassigned on the basis of intra-

23  district venue."  General Order 44, paragraph 5.

24

25                                                **FACTS**

26                                        **The Invisalign System**

27           8.           Align designs, develops, manufactures and markets high technology

28  orthodontic products.  Align's core product is the INVISALIGN system, a proprietary method for

-2-

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION

1   treating crooked and misaligned teeth.  The INVISALIGN system consists of a series of clear,

2   removable devices that fit over a patient's teeth and gently and incrementally move the teeth into

3   a desired final position.  The INVISALIGN system uses cutting-edge, three-dimensional

4   computer scanning and graphics to design and manufacture these customized orthodontic devices.

5   Align's software application allows dental professionals to simulate the treatment process in three

6   dimensions, providing a novel diagnosis and treatment planning process.

7

8          9.    In the INVISALIGN system, an impression is taken of the patient's mouth

9   and teeth in their present position.  A three-dimensional computer-generated image of the

10  patient's teeth is created by Align.  Based on the dentist or orthodontist's prescription and the

11  digital model, Align uses its proprietary software to design a series of tooth alignment devices

12  (similar to a thin clear plastic mouth guard) which are used to gradually and incrementally adjust

13  and move specific teeth.  Once the dentist approves the treatment plan, the complete set of the

14  patient's aligners are then manufactured by Align and provided to the dentist or orthodontist.

15  Approximately every two weeks a new aligner is worn by the patient, thus moving the teeth

16  toward the desired final outcome.  Prior to the commencement of treatment, the patient is

17  typically provided with written information concerning the INVISALIGN system by the dentist

18  or orthodontist and usually signs a treatment consent form (typically provided to the dentist or

19  orthodontist by Align) that specifies INVISALIGN as the brand of orthodontic aligners and

20  services to be used.

21

22         10.    The INVISALIGN system revolutionized orthodontics when it was

23  introduced in 1998.  Since then, Align has remained the market leader in invisible orthodontics

24  through significant research and development expenditures and constant refinement and

25  improvement of its system.  In the eight years since its introduction, hundreds of thousands of

26  patients (the vast majority of all patients treated by invisible orthodontics) have been successfully

27  treated with the INVISALIGN system.

28

-3-

CASE NO.

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION

1

### The Elements of Align's Success in the Marketplace

2        11.     A principal reason for Align's success in the marketplace is the trust that

3    dentists, orthodontists and patients put in Align's INVISALIGN products and services.  First and

4    foremost, Align is the preeminent company, and INVISALIGN is the preeminent brand, in the

5    field of invisible orthodontics.  No other company has Align's successful track record, and

6    demonstrated outcomes in hundreds of thousands of cases.  Align's products and technology are

7    proven, and Align has developed a large following of outstanding dentists and orthodontists who

8    have reputations for extensive experience with Align's INVISALIGN products and services.

9

10        12.     One of the services provided by Align and one of the reasons for the

11    patient trust that accounts for the INVISALIGN system's success is Align's continuing dedication

12    to recruitment, training and certification of orthodontists and dentists in Align's network of

13    certified providers.  Each year, Align provides numerous clinical education and training

14    programs, which include certification classes, conference calls, seminars and workshops.  These

15    events provide dentists and orthodontists with a better understanding of INVISALIGN products

16    and services and their applicability to individual patients.  Since 1999, Align has certified

17    thousands of orthodontists and dentists annually, during multi-day, intensive training sessions, to

18    use the INVISALIGN system.  As a result of these efforts, over thirty-thousand dentists and

19    orthodontists have been recruited into, trained at, and certified by Align's training and

20    certification program.  Align also maintains an online clinical education center that augments its

21    training workshops and conducts conference calls and seminars enabling INVISALIGN-trained

22    doctors to obtain continuing education credits and access a full range of case studies and best

23    practices.

24

25        13.     Align's extensive and innovative marketing campaign has been another

26    important factor in Align's success.  Align has developed distinctive and innovative trademarks,

27    and delivered them to end users through targeted television, radio, print, point-of-sale, and

28    internet advertising.  Align's marketing tools include INVISALIGN-branded video displays,

-4-

CASE NO.

1   brochures, banners, posters, mounted displays of the INVISALIGN product, and "goody bags"

2   for patients to use to carry products home from the dentist's or orthodontist's office.  All of these

3   items prominently display the INVISALIGN trademark.  Align's efforts have resulted in

4   significant goodwill associated with Align's identity and trademark portfolio, and with Align's

5   successful and valuable branding of the INVISALIGN system.

6

7          14.    Align adopted the mark INVISALIGN and used it in interstate commerce

8   for orthodontic aligners.  On May 3, 1999, Align filed an application for registration of the mark

9   in the United States Patent and Trademark Office.  On November 28, 2000, the mark

10  INVISALIGN was registered on the Principal Register under Reg. No. 2,409,473 in the United

11  States Patent and Trademark Office for dental apparatus and orthodontic appliances such as

12  orthodontic aligners.  The registration is in force, and the INVISALIGN mark is now

13  incontestable pursuant to the terms of 15 U.S.C. §1065.

14

15         15.    Continuously since on or about September, 1999, Align has used the mark

16  INVISALIGN to identify its orthodontic aligners and to distinguish them from those made and

17  sold by others, by, among other things, prominently displaying the mark INVISALIGN on the

18  containers for the goods and related materials, displays and marketing collateral.  In addition,

19  Align provides INVISALIGN-branded promotional and point-of-sale materials to dentists and

20  orthodontists that are often prominently displayed on office fronts, patient waiting rooms, and

21  advertising.  Align has also engaged in significant, national television and print media advertising

22  for its orthodontic aligners using the INVISALIGN mark.

23

24         16.    Since on or about November, 2000, Align has provided notice that its

25  INVISALIGN mark is registered in the U.S. Patent and Trademark Office by displaying the mark

26  as used with the letter R enclosed within a circle (®).

27

28
                                          -5-

**Tran Passes Off Counterfeit Products as the INVISALIGN System**

17.     Align is informed and believes, and on that basis alleges, that Tran has actively misled patients into believing that they were being treated with the genuine INVISALIGN system when, in fact, Tran provided them with counterfeit aligners.  In fact, one of Tran's patients, named Alexander Kim, has filed a complaint against Tran in the Superior Court of California, Santa Clara County, alleging that Tran contracted with Mr. Kim to supply INVISALIGN aligners, but instead supplied non-genuine aligners that were not manufactured or supplied by Align.

18.     Align is informed and believes, and on that basis alleges, that Tran's patients specifically request the INVISALIGN system from him, and that Tran instead treats the patients with a non-Align product, without informing the patients of the substitution or obtaining their authorization or consent.  The non-Align product supplied by Tran is a clear, plastic aligner that is manufactured and distributed by defendants.  To the average customer, the non-Align product supplied by Tran is not distinguishable from INVISALIGN aligners.  Patients who unknowingly received the counterfeit product have discussed only INVISALIGN treatment with Tran, and have not discussed with Tran any other orthodontic systems or devices.  The patients sign a contract for services with Tran indicating that they will receive treatment using INVISALIGN aligners and services.  Patients are provided with written information concerning treatment with the INVISALIGN system.  Tran then provides the patients with counterfeit, substitute aligners that yield a greater profit margin for Tran.

19.     When patients have learned of Tran's unethical and unlawful product substitution, they have ceased treatment with Tran.

20.     Align is informed and believes, and on that basis alleges, that defendants (including Tran) manufacture and distribute the counterfeit aligners supplied by Tran.

-6-

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION

21.     Tran's conduct in treating patients with a counterfeit product without their knowledge or consent violates several canons of the American Association of Orthodontists ("AAO") Principles of Ethics and Code of Professional Conduct, as well as the California Dental Association's ("CDA") Code of Ethics.

22.     In pertinent part, the AAO Principles of Ethics and Code of Professional Conduct provides (emphasis added):

> I.     Members shall be dedicated to providing the highest quality orthodontic care to their patients within the bounds of the clinical aspects of the patient's condition, and with due consideration being given to the needs and desires of the patient. . . . C. **Members shall make treatment decisions** and render all related opinions and recommendations based on the best interest of the patient **without regard to a member's direct or indirect financial or beneficial interest in a product or service, or direct or indirect relationship with the manufacturer or supplier of such product or service.**

> *          *          *

> IV.     Members shall be **honest with patients**, colleagues and third parties. . . . D. **Members shall not misrepresent the care being rendered to a patient.**

23.     In pertinent part, the CDA's Code of Ethics provides:

> It is unethical to mislead a patient or misrepresent in any material respect either directly or indirectly the skills, training, identity, services, or fees of the dentist who performs a procedure. . . . Dentists shall not represent the care being rendered to their patients or the fees being charged for providing such care in a false or misleading manner. . . . Dentists shall fully explain proposed treatment, reasonable alternatives, and the risks of not performing treatment. Treatment should be explained in a manner that allows patients to be involved in decisions affecting their oral health.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1)(a))

### (Against All Defendants)

24.     . Align realleges and reincorporates by reference the allegations of paragraphs 1 through 23 of this Complaint.

-7-

25.     Defendants' unauthorized uses of Align's mark INVISALIGN in commerce in connection with non-INVISALIGN aligners, and in connection with the manufacturing, distributing, offering for sale, and advertising of goods and services, constitute the use of a colorable imitation of Align's INVISALIGN orthodontic aligners that has caused, and is likely to cause, confusion or mistake or deception.  Defendants thus infringe Align's trademark rights in the federally registered mark INVISALIGN in violation of 15 U.S.C. § 1114(1)(a).

26.     Defendants' actions as set forth above injure Align and the public in many ways, including by divesting Align of control over its reputation, by diverting sales, by undermining confidence in the integrity of Align's product offering and in the Align provider network, and by giving defendants an unjust competitive advantage by passing their products and services off as Align's.  Align is therefore entitled to an injunction and damages including defendants' unjust profits, as set forth below.

27.     Align is informed and believes, and on that basis alleges, that defendants' use of the INVISALIGN mark on or in connection with substantially similar goods and services is part of a deliberate plan to trade on the valuable goodwill established with the INVISALIGN mark.  With knowledge of Align's ownership of the mark, and with the deliberate intention to unfairly benefit from the goodwill generated thereby, defendants have acted unlawfully and in willful disregard of Align's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Align to treble damages and treble defendants' unjust profits, as well as an award of attorneys' fees pursuant to 15 U.S.C. § 1117(b).

28.     Align is informed and believes, and on that basis alleges, that defendants' use of the INVISALIGN mark on or in connection with substantially similar goods or services constitutes intentional use in commerce of a counterfeit mark pursuant to 15 U.S.C. §1116(d), warranting injunctive relief, including an *ex parte* seizure order pursuant to 15 U.S.C. §1116(d)(1)(A).  Defendants undertook use of the counterfeit mark knowing that it was a

-8-

1   counterfeit, and did so in connection with the manufacture, sale, offering for sale, or distribution

2   of goods or services.  Further, defendants' use of the counterfeit mark is likely to cause confusion,

3   mistake, or to deceive.  This conduct warrants an award of the special civil monetary remedies

4   against counterfeiting pursuant to 15 U.S.C. §1117(b).

5

6   ## SECOND CAUSE OF ACTION

7   **(Federal Statutory Unfair Competition – 15 U.S.C. § 1125(a))**

8   **(Against All Defendants)**

9          29.    Align realleges and reincorporates by reference the allegations of

10   paragraphs 1 through 28 of this Complaint.

11

12          30.    By the acts set forth fully above, defendants have used in commerce the

13   word, term, and name INVISALIGN, and have used false designations of origin and false and

14   misleading descriptions and representations of fact, in connection with defendants' goods,

15   services, and commercial activities.  These uses, false designations, and false representations are

16   likely to cause confusion, or to cause mistake, or to deceive the public, especially dental and

17   orthodontic patients, as to the affiliation, connection, or association of defendants' infringing

18   goods on the one hand and Align on the other hand, and as to the origin, sponsorship, or approval

19   of defendants' goods, services, or commercial activities of defendants, all in violation of Section

20   43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21

22          31.    By the acts set forth above, defendants have also misrepresented the nature,

23   characteristics and qualities of his goods, services and commercial activities, in violation of

24   Section 43(a) of the Lanham Act.

25

26          32.    Defendants' unlawful conduct constituting trademark infringement and

27   unfair competition under 15 U.S.C. § 1125(a) consists of "palming off" or "passing off" their

28   infringing products as the INVISALIGN system, by deliberately misleading patients as to the

-9-

1  provider and manufacturer of the aligner product Tran is using to treat patients.  Defendants have

2  caused, and will continue to cause, the public to mistakenly believe that their orthodontic aligners

3  originate from, are sponsored by, or are in some way associated with Align.  This conduct

4  constitutes false designations of origin or false descriptions or representations, and is likely to

5  cause the mark to lose its significance as a designator of origin.

6

7  33.  Align is informed and believes, and on that basis alleges, that defendants

8  intend to "palm off" their product as the genuine INVISALIGN system.  Defendants deliberately

9  lead Tran's patients to believe they are being treated with (and charges his patients for the full

10  price of) the INVISALIGN system when, in fact, Tran treats these patients with non-genuine

11  aligners.  Thus, defendants have willfully infringed and are continuing to infringe on Align's

12  rights in violation of 15 U.S.C. § 1125(a).

13

14  34.  Defendants' actions have caused and will continue to cause significant

15  monetary and nonmonetary damages to Align.  Defendants' wrongful conduct, unless and until

16  enjoined and restrained by order of this Court, will cause great and irreparable injury to Align's

17  business.  Align is entitled to an injunction and damages as set forth below.

18

19  35.  Defendants' actions as described above were willful and with full intent to

20  cause confusion, mistake and deception, making this an exceptional case within the meaning of

21  15 U.S.C. § 1117(a) and entitling Align to treble damages and treble defendants' unjust profits as

22  well as an award of attorneys' fees.

23

24  36.  Align has no adequate remedy at law for the injuries currently being

25  suffered and threatened in that defendants will continue to "palm off" non-genuine products as

26  those of Align, rendering any judgment ineffectual.  Align also has no adequate remedy at law

27  because monetary compensation will not afford adequate relief to Align and because it will be

28

-10-

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION

1    extremely difficult to ascertain the amount of compensation that would afford such relief.

2    Therefore, Align is entitled to injunctive relief as provided by 15 U.S.C. § 1116(a).

3

4                              **THIRD CAUSE OF ACTION**

5         **(Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

6                              **(Against All Defendants)**

7         37.    Align realleges and reincorporates by reference the allegations of

8    paragraphs 1 through 36 of this Complaint.

9

10        38.    Sections 17200 *et seq.* of the California Business and Professions Code

11   prohibits any "unlawful, unfair or fraudulent business act or practice."

12

13        39.    Align is informed and believes, and on that basis alleges, that defendants,

14   by conduct as set forth fully in the paragraphs above, have engaged in unlawful conduct that

15   constitutes unfair competition.  This conduct violates 15 U.S.C. §§ 1114 and 1125 and constitutes

16   unfair competition under Section 17200 of the California Business and Professions Code.  Such

17   conduct includes defendants' unlawful acts in "palming off" non-Align products as the

18   INVISALIGN system by substituting, without authorization, non-Align products for the

19   INVISALIGN system that patients specifically request and deliberately misleading patients into

20   believing they are being treated with genuine INVISALIGN products and services.

21

22        40.    Align is informed and believes, and on that basis alleges, that defendants,

23   by the conduct set forth above, have engaged in fraudulent conduct that constitutes unfair

24   competition.  This conduct includes the fraudulent acts or practice of misrepresenting the source

25   of the orthodontic aligners used in Tran's orthodontic treatments and the "palming off" of their

26   own product and services as the genuine INVISALIGN system by substituting, without

27   authorization, non-Align products and services for the INVISALIGN system that patients

28

                                      -11-

specifically request, and deliberately misleading patients into believing they are being treated with genuine INVISALIGN products and services.

41.     Defendants' acts in violation of Sections 17200 of the California Business and Professions Code, including wrongful "palming off" of their product as the INVISALIGN system and other acts, have caused Align financial injury including the loss of money and will, unless enjoined, cause Align further financial injury and other immediate and irreparable harm. Defendants are using Align's goodwill and valuable marketing materials to divert patients from Align and its INVISALIGN system to a non-genuine product. Align is informed and believes, and on that basis alleges, that defendants continue to solicit and divert the business and goodwill of Align's consumers with the intent that such consumers will stop requesting and purchasing the INVISALIGN system and begin receiving products from another source.

42.     By virtue of defendants' unlawful and fraudulent acts and omissions, defendants have engaged in unfair competition within the meaning of the California Business and Professions Code Section 17200, thereby entitling Align to injunctive and restitutionary relief as provided by California Business and Professions Code Section 17203. Align has no adequate remedy at law to compel defendants to cease their wrongful solicitation and diversion of Align's consumers. Unless the Court grants an injunction, Align will be forced to commence a multiplicity of actions, one each time defendants wrongfully solicit, divert, or otherwise interfere with Align's consumers or Align's goodwill. Align's damages are irreparable because it would be extremely difficult to ascertain the amount of compensation that would afford Align adequate relief if defendants are not enjoined at this time.

CASE NO.

1

## FOURTH CAUSE OF ACTION

2

### (False Advertising in Violation of Cal. Bus. & Prof. Code § 17500)

3

### (Against Defendant Tran Only)

4           43.     Align realleges and reincorporates by reference paragraphs 1 through 42 of

5    this Complaint.

6

7           44.     Tran has had, and continues to have, an intent to perform professional

8    services and to dispose of personal property in connection with Tran's orthodontic practice,

9    including but not limited to the provision of dental and orthodontic services and the dispensing of

10   orthodontic aligners to patients.

11

12          45.     Tran induces the public to enter into obligations relating to professional

13   services and the dispensing of aligners, including but not limited to payment obligations relating

14   to orthodontic treatment and dispensing of orthodontic aligners.  Tran induces the public to enter

15   into the obligations by advertising the availability of INVISALIGN orthodontic aligners and

16   INVISALIGN-based orthodontic services to Tran's patients on Tran's premises; by inscribing the

17   INVISALIGN mark on treatment plans, consent forms, and contracts with patients; and by

18   making oral statements specifying INVISALIGN orthodontic aligners and INVISALIGN-based

19   orthodontic treatment services in discussing, recommending, and soliciting consent by patients for

20   the acquisition of INVISALIGN orthodontic aligners and the purchase of INVISALIGN-based

21   orthodontic services.

22

23          46.     By the actions described above, Tran makes, disseminates, and causes to be

24   disseminated statements concerning the personal property, concerning the professional services,

25   and concerning circumstances or matters of fact connected with the proposed performance of

26   services or the proposed dispensing of orthodontic aligners.  Among other things, Tran states that

27   Tran will furnish and is furnishing INVISALIGN orthodontic aligners and INVISALIGN-based

28   orthodontic treatment services to patients.

-13-

47. Tran's statements as described above are untrue and misleading. Tran knows, and by the exercise of reasonable care should know, that the statements described above are untrue and misleading. Tran knows that the orthodontic aligners Tran will furnish and is furnishing to patients are not INVISALIGN aligners, and that the services Tran will furnish and is furnishing are not INVISALIGN-based services.

48. Tran has made, disseminated, or caused to be made or disseminated those untrue and misleading statements as part of a plan or scheme with the intent not to sell that personal property or those professional services as so advertised.

49. Tran's acts as described above constitute false advertising in violation of Section 17500 of the California Business & Professions Code.

50. Plaintiff Align has suffered injury in fact and has lost money and property as a result of Tran's violation described above.

51. Plaintiff Align is entitled, pursuant to Cal. Bus. & Prof. Code § 17535, to an injunction against Tran as well as restitution by Tran and disgorgement of Tran's unjust gains arising from the violation as described herein.

### FIFTH CAUSE OF ACTION

#### (Common Law Unfair Competition)

#### (Against All Defendants)

52. Align realleges and reincorporates by reference the allegations of paragraphs 1 through 51 of this Complaint.

53. Align is informed and believes, and on that basis alleges, that defendants, by their conduct set forth in the paragraphs above, have engaged in unlawful conduct that

-14-

1  constitutes unfair competition under the common law of the State of California. Specifically,

2  defendants "palm off" non-genuine and/or counterfeit product as the INVISALIGN system by

3  manufacturing, distributing, and substituting, without authorization, non-genuine and/or

4  counterfeit product for the INVISALIGN system that Tran's patients specifically request and

5  which Tran deliberately misleads his patients to believing he is using in their treatment.

6

7          54.    Align has no adequate remedy at law to compel defendants to cease their

8  wrongful solicitation and diversion of Align's consumers. Unless the Court grants an injunction,

9  Align will be forced to commence a multiplicity of actions, one each time defendants wrongfully

10  solicit, divert, or otherwise interfere with Align's business or Align's goodwill. Align's damages

11  are irreparable because it would be extremely difficult to ascertain the amount of compensation

12  that would afford Align adequate relief if defendants are not enjoined at this time.

13

14          55.    Align is informed and believes, and on that basis alleges, that defendants'

15  wrongful acts were willful, oppressive and malicious, in that defendants have unfairly competed

16  with Align with the deliberate intent to injure Align's business. Align is therefore entitled to the

17  recovery of actual damages as well as exemplary damages to be determined at the time of trial in

18  a sum sufficient to punish defendants and to set an example to deter such conduct in the future.

19

20                              **PRAYER FOR RELIEF**

21

22          WHEREFORE, Align prays for judgment and relief as follows:

23          1.    For the issuance of preliminary and permanent injunctive relief enjoining

24  defendants and their agents and representatives, and all persons acting in concert or participating

25  with them from:

26                  a.    misrepresenting their products and services as those of Align's;

27

28                  b.    manufacturing, distributing, or selling their counterfeit products;

-15-

1     c.   displaying the INVISALIGN mark or other Align trademarks anywhere in

2          the interior or on the exterior of Tran's office;

3

4     d.   displaying or otherwise utilizing Align marketing collateral, patient

5          consent forms, patient instruction forms, or any other Align-provided

6          documents or materials;

7

8     e.   using non-genuine products to treat patients who have requested treatment

9          with the INVISALIGN system without obtaining prior written consent

10         from the patients indicating that they are aware they will not be receiving

11         treatment with INVISALIGN system;

12

13    f.   failing to notify all patients and prospective patients in writing that Tran is

14         no longer authorized to provide orthodontic treatment with the

15         INVISALIGN system; and

16

17    g.   failing to notify, in writing, those patients who requested but did not

18         receive INVISALIGN, of Dr. Tran's conduct, as described herein.

19

20    2.   For actual damages, including Align's lost profits and defendants' unjust

21   profits, according to proof at trial;

22

23    3.   For an award of damages treble the amount of actual damages suffered by

24   Align;

25

26    4.   For an award of statutory damages pursuant to 15 U.S.C. § 1117(c).

27

28
                                        -16-

1          5.      For an award of punitive and exemplary damages by reason of defendants'

2   fraud and palming off;

3

4          6.      For an award of attorneys' fees and costs incurred in this exceptional case;

5

6          7.      For costs of suit herein; and

7

8          8.      For such other and further relief as the Court deems appropriate.

9

10  DATED:  April 20, 2006          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                    MARK E. MCKEEN
11                                  PETER C. MEIER

12

13                          By:_____
                                            PETER C. MEIER
14
                            Attorneys for Plaintiff
15                          ALIGN TECHNOLOGY, INC.

16  LEGAL_US_W # 70552561.1

17

18

19

20

21

22

23

24

25

26

27

28
                                        -17-
                            COMPLAINT FOR TRADEMARK INFRINGEMENT
    CASE NO.                            AND UNFAIR COMPETITION

1

## DEMAND FOR JURY TRIAL

2

3        Plaintiff ALIGN TECHNOLOGY, INC., hereby requests a jury trial as provided

4   by Rule 38(a) of the Federal Rules of Civil Procedure.

5   DATED:  April 20, 2006          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                     MARK E. MCKEEN
6                                    PETER C. MEIER

7

8                                    By: _____
                                                PETER C. MEIER
9

10                                   Attorneys for Plaintiff
                                     ALIGN TECHNOLOGY, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

CASE NO.                                                    DEMAND FOR JURY TRIAL

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED:  April 20, 2006                    PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                          MARK E. MCKEEN
                                          PETER C. MEIER


                                    By:_____
                                                PETER C. MEIER

                                          Attorneys for Plaintiff
                                          ALIGN TECHNOLOGY, INC.

- 1 -

CASE NO.